**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4569**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEMETRIO MCCULLOUGH,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen L. Hollander, District Judge.  (1:19-cr-00286-ELH-11)

Submitted:  June 29, 2021                                      Decided:  July 1, 2021

Before HARRIS, RICHARDSON, and RUSHING, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Steven H. Levin, ROSENBERG MARTIN GREENBERG LLP, Baltimore, Maryland, for Appellant.  LaRai Everett, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demetrio McCullough pled guilty, pursuant to a written plea agreement, to Counts 1 and 2 of a superseding information charging him with conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841. He was sentenced to 84 months' imprisonment. On appeal, McCullough's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the validity of McCullough's guilty plea and whether his sentence is unreasonable. Although advised of his right to file a supplemental pro se brief, McCullough has not done so. The Government has moved to dismiss the appeal based on the appellate waiver in McCullough's plea agreement. We affirm in part and dismiss in part.

Counsel first questions whether the district court adequately complied with Rule 11 of the Federal Rules of Criminal Procedure in accepting McCullough's guilty plea. McCullough's waiver of appellate rights does not prevent him from challenging the validity of the plea itself. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). We therefore deny in part the Government's motion to dismiss and, because McCullough did not move to withdraw his plea in the district court, we review his challenge to the adequacy of the plea colloquy for plain error. *See United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016) (stating standard of review).

Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines the defendant understands, the rights he

2

is relinquishing by pleading guilty, the charge to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). Our review of transcript of McCullough's Rule 11 hearing discloses that he entered his plea knowingly and voluntarily, and that a factual basis supported the plea. Accordingly, we find that his guilty plea is valid and therefore affirm McCullough's conviction.

Turning to McCullough's appeal of his sentence, where, as here, the Government seeks to enforce the appeal waiver and McCullough has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issue being appealed falls within the waiver's scope. *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018). McCullough does not contest that he knowingly and intelligently waived his right to appeal, *see United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010), and our de novo review of the plea hearing leads us to conclude that the waiver is valid and enforceable, *see United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018) (stating standard of review). Moreover, McCullough's challenge to his sentence falls within the waiver's scope. Accordingly, we grant in part the Government's motion to dismiss and dismiss the appeal of the sentence.

This court requires that counsel inform McCullough, in writing, of the right to petition the Supreme Court of the United States for further review. If McCullough requests

that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McCullough. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*